Dean Alan Royer #913359
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA. 99362.

**CV-08-324-LRS**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 1 3 2008

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

DEAN ALAN ROYER,           )
      Petitioner      )   Cause NO._____
                           )
   v.                      )
                           )
SUPERINTENDENT STEVE SINCLAIR, )   MEMORANDUM IN SUPPORT OF
      Respondent      )   HABEAS CORPUS PETITION
_____)

Petitioner, Dean Alan Royer, acting pro-se, hereby submits this Memorandum in Support of the ground raised in his habeas corpus petition.

### A. STATUS OF PETITIONER

Mr Royer is currently serving a sentence of Life-Without-Parole under Washington State's Three-Strikes Law that followed his 1996 convictions for unlawful possession of a firearm, burglary 1°, and three counts of Assault 2°. These convictions are not being contested here.

In 1990, six years before his current convictions, Mr Royer pled guilty to the charge of Robbery 2°. See <u>Exhibit-1.</u> However, during his plea process, neither the plea agreement form nor the court informed Mr Royer of the proper elements of the crime of Robbery 2°. The plea form, at page-1, Exhibit-1, instead described the elements of the crime of theft. Mr Royer unknowingly pled guilty, believing the elements of theft to which he was pleading guilty to, lawfully supported the charge of Robbery 2°.

MEMO IN SUPPORT---1

—ORIGINAL—

At his 1990 plea/sentencing hearing, no one provided Mr Royer with any due process by advising him of his right to appeal, his right to counsel on appeal, nor of the deadlines and other particulars contained within State Court Rule (CrR) 7.2(b). He therefore did not appeal his plea of guilty to Robbery 2° that was supported on unlawful elements because of the lack of advice from the bench or from his court appointed attorney regarding his State created constitutional right to appeal.

Mr Royer's unlawful 1990 conviction was counted against him as a strike that, six years later, supported his Life-Without-Parole sentence in which he is currently serving.

In February 2008, Mr Royer filed a Motion to Extend the Time to File a Notice of Appeal to the Washington Court of Appeals. This extension is necessary to allow Mr Royer his first right of appeal in order to challenge the integrity of his 1990 plea of guilty. However, his Motion was denied without elaboration by a panel of three Court of Appeal judges on 27 February 2008. <u>Exhibit-2.</u> Mr Royer then appealed this decision by filing a Motion for Discretionary Review to the Washington State Supreme Court. The State Supreme Court accepted his Motion for review, and on 9 July 2008, a five-judge panel dismissed Mr Royer's Motion without elaboration. <u>Exhibit-3.</u>

Mr Royer now files a Habeas Corpus petition and this Memorandum in Support, and he prays this court will grant him the relief he requests. The ground presented herein has been raised and exhausted in the Washington State Courts, and is now ripe for federal review.

\*

\*

\*

MEMO IN SUPPORT---2

### B. GROUND PRESENTED

#### 1. MR ROYER IS ENTITLED TO REINSTATEMENT OF HIS STATE CREATED RIGHT TO APPEAL AND NOTICE OF HIS RIGHTS IN ACCORDANCE WITH THAT CONSTITUTIONAL RIGHT.

Washington State courts have clearly held that criminal defendants have a constitutional right to appeal.[1] In addition, there is a federal constitutional right to a first appeal of a criminal conviction.[2]

At no time, prior, during, nor following Mr Royer's 1990 plea of guilty to Robbery 2° was he informed that he retained a right to appeal, nor was he informed of his right to counsel on appeal and the particulars and procedural deadlines he must follow in order to file an appeal. This fact is not disputed. See Exhibit-4. Mr Royer therefore never waived his right to appeal. Obviously, one cannot waive a right they were never informed of having. State Court Rule 7.2(b) is the equivalent of the Federal Rules of Criminal Procedure 32(a)(2). The Washington State Supreme Court has established strict adherence by court judges to CrR 7.2(b). See State v. Tomal, 133 Wn.2d 985, 989-90 (1997); In State v. Sweet, 90 Wn.2d 282 (1978), the court held:

> The simple reading of CrR 7.1(b) to a defendant may well be insufficient in itself to give rise to a conclusion of a waiver... Thus, in addition to showing strict compliance with CrR 7.1(b) by reading appeal rights to a defendant, the circumstances must at least give rise to an inference that the defendant understood the import of the court rule and did in fact willingly and intentionally relinquish a known right (emphasis added).[3]

---

[1] Wash. Const. art. 1,§22(amend. 10)("In criminal prosecutions the accused shall have...the right to appeal in all cases..."); State v. Sweet, 90 Wn.2d 282, 286("The presence of the right to appeal in our state constitution convinces us it is to be accorded the highest respect by this court.").

[2] Evitts v. Lucey, 469 US 387, 395-96, 105 S.Ct. 830 (1985)(first appeal as of right not adjudicated with due process if appeallant lacks effective assistance of counsel, whether retained or appointed); McCoy v. Court of Appeals of Wisconsin, Dist.1, 486 US 429, 436, 108 S.Ct. 1895 (1988).

[3] Amendments to Criminal Rules caused renumbering. CrR 7.2(b) was formerly CrR 7.1(b). The language in both is identical.

MEMO IN SUPPORT---3

The holding in <u>Sweet</u> was endorsed in <u>State v. Kells</u>, 134 Wn.2d 309 (1999) where, again, the State Supreme Court reiterated the <u>requirement</u> that the court directly advise a defendant of his right to appeal and that it is the State's burden to show that the defendant understood that right and chose not to exercise it.

Washington Court's decision regarding the requirement of notifying a defendant of his right to appeal and included particulars has even been affirmed by the United States Supreme Court in regards to the federal counterpart, FRCP 32(a)(2). In <u>Peguero v. United States</u>, 526 US 23, 119 S.Ct. 961 (1999), the court held that trial judges in every case must be meticulous and precise in following each of the requirements of the rule on sentencing, notification of the right to appeal, and withdrawal of plea. In reaching this decision, it stated, "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellant rights," and that a "defendant should not be penalized for failing to appeal in the first instance when his failure to appeal is attributable to the errors of a...judge." <u>US</u> at 30.

Mr Royer has a State created right to appeal. The court failed to advise him of this right and its particulars. This gives rise to a US Constitutional violation. The Fourteenth Amendment to the US Constitution is designed to protect an individual's rights in the states which are extended to them through State statutory provisions, whether those statutes are being unfairly applied, misapplied, or not applied at all. See <u>Hicks v. Oklahoma</u>, 447 US 343 (1980);

The right to a criminal appeal itself is not included in the 6th Amendment, and is rather a creature of statute. See <u>Martinez v. Court of Appeal of California</u>, 528 US 152, 160, 120 S.Ct. 684 (2000). But once state law grants a first appeal as of right, the Fourteenth Amendment provides two-fold protection to the

MEMO IN SUPPORT—4

right...First, the due process clause forbids states from establishing a system of appeals as of right but then refusing to provide each defendant with a fair opportunity for adjudication, and second, the equal protection clause prohibits states from "distinguish[ing] between poor and rich" in the provision of meaningful appeal. See Evitts v. Lucey, 469 US 387, 404-05, 105 S.Ct. 830 (1985); see also, Halbert v. Michigan, 545 US 605, 125 S.Ct. 2582, 2586-87 (2005). Both protections "emphasize the central aim of our entire judicial system---all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.'" Griffin v. Illinois, 351 US 12, 17, 76 S.Ct. 585 (1956)(quoting Chambers v. Florida, 309 US 227, 241, 60 S.Ct. 472 (1940)).

Moreover, Mr Royer was entitled to the right to counsel on appeal. The Supreme Court held in Douglas v. California, 372 US 353, 355-358, 83 S.Ct. 814 (1963) that the Fourteenth Amendment guarantees a criminal defendant the right to counsel on first appeal if the state has provided such an appeal as of right. The decision in Douglas constitutionally imposes upon the state a duty to warn every person convicted of a crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent.

Mr Royer was not afforded due process protection of his state created right to appeal. He was not advised of the right, not advised of his right to counsel on appeal, and not advised of any deadlines for filing a notice of appeal. Although Mr Royer has shown that he has a meritorious issue on appeal, this is irrelevant at this point. The issue at hand is whether he is entitled to a first right of appeal. Both State and Constitutional law demands that he is. This court should direct that the State Superior Court

MEMO IN SUPPORT---5

remand Mr Royer's case in order to advise him of his right to appeal, in accordance with CrR 7.2(b), which would permit him to assert his right to appeal and obtain counsel to proceed with such.

### C. MR ROYER'S PETITION IS NOT BARRED BY THE PROCEDURAL TIME LIMITS ESTABLISHED BY THE AEDPA AS CONTAINED IN 28 USC §2244(d).

Mr Royer's habeas corpus petition should not be time barred because he was never advised that he had a right to appeal his 1990 conviction. Due to his failure to file a notice of appeal within 30 days following his sentencing, he irrevocably waived his right to appeal, pursuant to CrR 7.2(b). This created an impediment that prevented Mr Royer from filing an appeal and therefore created an impediment that prevented him from filing a timely habeas corpus petition. This impediment was not created by Mr Royer. It was created by the State court's failure to provide Mr Royer with due process when it failed to follow CrR 7.2(b) to protect Mr Royer's state created right to appeal. Had the court advised Mr Royer that he had a right to appeal and advised, per CrR 7.2(b), that he only had thirty days to file a notice of appeal in order to preserve his right to appeal, Mr Royer would certainly have done so. He did not appeal, and in fact unknowingly waived his right to appeal, solely because the court failed to meet its mandated duty. The impediment is therefore state created and Mr Royer is exempt from the federal time bar in accordance with 28 USC §2244(d)(1)(b).

In addition, any procedural time-bar must be set aside in the instant case pursuant to the "cause" and "prejudice" standard created by the US Supreme Court in <u>Coleman v. Thompson</u>, 501 US 722 (1991). To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to petitioner prevented him from complying with a procedural

MEMO IN SUPPORT—6

rule. Id. (citing Murray v. Carrier, 477 US 478, 488 (1986)). This has already been made clear in Mr Royer's case. The court failed its duty to advise him of his right to appeal, and of particulars therein, which prevented Mr Royer from filing a timely appeal. To show "prejudice," a petitioner must allege harm of a constitutional dimension. Id. This is obvious. Mr Royer was harmed by the court's failure to advise him of his right to appeal. As a result of their failure, Mr Royer was denied his right to appeal, to challenge his plea of guilty which is unlawful on its face because the elements to which Mr Royer pleaded guilty to do not support the conviction of Robbery 2°. Exhibit-1. As a result of this error, Mr Royer was convicted of an offense that is a "strike" that supports his current sentence of Life-Without-Parole.

Alternatively, in an "extraordinary case," a habeas court may grant the Writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" if petitioner can show that his conviction is the result of a constitutional violation and that he is actually innocent." Murray, 477 US at 495-96. Certainly, this applies in Mr Royer's case. He pled guilty to elements that supported a crime of theft, and not Robbery 2°, a crime he was actually innocent of.

Finally, Mr Royer is exempt from any time-bar based on the doctrine of equitable tolling. The 9th Circuit Court of Appeals granted relief under this doctrine in Calderon v. United States District Court, 128 F.3d 1283, 1288-89 (9th Cir. 1997), when it found that extraordinary circumstances beyond a petitioner's control can be reasonably applied to allow for a late filing for federal review. It is an extraordinary circumstance when a defendant pleads guilty to elements in his plea agreement that do not support the crime charged. It is an extraordinary circumstance when the court who accepts his unlawful plea and fails in its

MEMO IN SUPPORT---7

constitutional duty to advise the same defendant of his right to appeal, his right to counsel on appeal, and of any deadlines he must meet in order to preserve his right to appeal.

### D. CONCLUSION

Mr Royer should not be made to suffer any further impediments. This court should grant his Writ and direct the State authorities to remand his case to the Superior Court so Mr Royer may be advised of his right to appeal along with the particulars attached. To further delay said action will subject Mr Royer to continued suffering of constitutional proportions.

Dated this 10th day of OCTOBER, 2008.

*[signature]*
Dean Alan Royer #913959
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA. 99362.

MEMO IN SUPPORT---8

# EXHIBIT
# 1

629 0904

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR PIERCE COUNTY

STATE OF WASHINGTON,

Plaintiff,

vs.

Dean Alan Royer

Defendant.

NO. 88-1-00285-7

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (Felony)

FILED
CRIMINAL DIVISION 2
DEC 20 1990
Pierce County Clerk
By _____ DEPUTY

1. My true name is Dean Alan Royer
2. My age is 23. D.O.B. 2-8-67
3. I went through the 10th grade in school. G.E.D.
4. I have been informed and fully understand that I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is: Linda B. Sullivan
5. I have been informed and fully understand that I am charged with the crime(s) of Robbery 2°

The elements of the crime(s) are: On or about April 24, 1987, in Pierce Co., WA., the defendant did unlawfully and feloniously take personal property from the person or in the presence of another against their will.

The maximum sentence(s) is (are): 10 years and $ 20,000 — fine(s).

In addition, I understand that I may have to pay restitution for crime(s) to which I enter a guilty plea and for any other uncharged crime(s) for which I have agreed to pay restitution. The standard sentence range for the crime(s) is/are at least 11 — 15 and no more than 20 mos.

Based upon my criminal history which I understand the Prosecutor presently knows to be:

Burg 2°   10·22·86   1
"         10·22·86   1
"         10·18·85   1
"         9-2-87    1

Escape 1   6·29·88   1

Offender score = 4

I represent to the court that my criminal history set out above is true, accurate and complete to the best of my knowledge and belief.

[ ] Criminal history attached as appendix _____ and incorporated by reference.

I have been given a copy of the information.

And I further understand that if I am a First Time Offender, the court may decide not to impose the standard sentence range, and then the court may sentence me for up to 90 days of total confinement and two years of community supervision.

6. I have been informed and fully understand that:

(a) I have the right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed.

Z-2466-1

**CERTIFIED COPY**

10

629 0905

(b) I have the right to remain silent before and during trial, and I need not testify against myself.

(c) I have the right to hear and question any witness who testifies against me.

(d) I have the right at trial to have witnesses testify for me. These witnesses can be made to appear at no expense to me.

(e) I am presumed innocent until the charge(s) is (are) proven beyond a reasonable doubt, or I enter a plea of guilty.

(f) I have the right to appeal a determination of guilt after a trial.

(g) If I plead guilty, I give up the rights in statements (a) through (f) of this paragraph 6.

7. I plead ____guilty____ to the crime(s) of ____Robbery 2____

_____, as charged in the ___amended___ information.

8. I MAKE THIS PLEA FREELY AND VOLUNTARILY.

9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. I have been informed and fully understand that the Prosecuting Attorney will make the following recommendations to the court: _20 mos., credit for time served * $78 costs, $100 CVPA; $100 DAC recoupment_

*Def. has been in custody for 20 mos. and should receive credit for 20 mos.

12. I have been informed and fully understand that the standard sentencing range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. Criminal history also includes convictions of guilty pleas at juvenile court that are felonies and which were committed when I was fifteen years of age or older. Juvenile convictions count only if I was less than twenty-three years of age at the time I committed the present offense. I fully understand that if criminal history in addition to that listed in paragraph 5 is discovered, the standard sentence range may increase. Even so, I fully understand that my plea of guilty to this charge is binding upon me if accepted by the court, and I cannot change my mind without court approval if additional criminal history is discovered and the standard sentence range and the Prosecuting Attorney's recommendation increases:

I further understand that if additional criminal history is discovered the Prosecuting Attorney's recommendation may increase up to the high end of the new standard range and if I have been sentenced, the Prosecuting Attorney may seek to have me resentenced based on my new criminal history.

13. I have been informed and fully understand that the court does not have to follow anyone's recommendation as to sentence. I have been fully informed and fully understand that the court must impose a sentence within the standard sentence range unless the court finds substantial and compelling reasons not to do so. If the court goes outside the standard sentence range, either I or the state can appeal that sentence. If the sentence is within the standard sentence range, no one can appeal the sentence. I also understand that the court must sentence to a mandatory minimum term, if any, as provided in paragraph 14 and that the court may not vary or modify that mandatoary minimum term for any reason.

14. I have been further advised that the crime(s) of _____

_____

with which I am charged carries with it a term of total confinement of not less than ___N/A___ years. I have been advised that the law requires that a term of total confinement be imposed and does not permit any modification of this mandatory minimum term. (If not applicable, any or all of this paragraph may be stricken and initialed by the defendant and the judge).

15. I have been advised that the sentences imposed in Counts ___N/A___ will run consecutively/concurrently unless the court finds substantial and compelling reasons to run the sentences concurrently/consecutively.

16. I understand that if I am on probation, parole, or community supervision, a plea of guilty to the present charge(s) will be sufficient grounds for a Judge to revoke my probation or community supervision or for the Parole Board to revoke my parole.

Z-2466-2

17. I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

18. The court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime(s) in the information. This is my statement: I want to plead guilty to take advantage of the plea bargain. I have reviewed the evidence in this case and understand that there is a reasonable likelihood of conviction should I go to trial and I don't want to risk that.

19. I have read or have had read to me and fully understand all of the numbered sections above (1 through 19) and have received a copy of this "Statement of Defendant on Plea of Guilty" form. I have no further questions to ask of the court.

_____
Defendant

_____        _____
Deputy Prosecuting Attorney           Linda R. Sullivan
                                      Defendant's Attorney

The foregoing statement was read by or to the defendant and signed by the defendant in the presences of his or her attorney, and the undersigned Judge, in open court. The court finds the defendant's plea of guilty to be knowingly, intelligently and voluntarily made, that the court has informred the defendant of the nature of the charge and the consequences of the plea, that there is a factual basis for the plea, and that the defendant is guilty as charged.

Further, the court finds that acceptance of this plea is consistent with prosecuting standards and the interests of justice.

Dated this _____20_____ day of ___Dec___, 19_90_

_____
Judge

Certificate of translator:

I _____, certify that I am fluent in the defendant's language, has been translated by me orally/in writing and that the defendant acknowledges that he/she understands the translation.

STATE OF WASHINGTON, County of Pierce
ss. Kevin Stock, Clerk of the above
entitled Court, do hereby certify that this
foregoing instrument is a true and correct
copy of the original now on file in my office.
IN WITNESS WHEREOF, I hereunto set my
hand and the Seal of said Court this
_____ day of _____, 20 ___
Kevin Stock, Clerk
By _____ Deputy

I have been given a copy of the Information.
Z-2466-3

12

# EXHIBIT 2

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | |
| Respondent, | No. 37318-1-II |
| v. | ORDER DENYING APPELLANT'S MOTION TO ALLOW LATE FILING OF A NOTICE OF APPEAL |
| DEAN ROYER, | |
| Appellant. | |

COPY RECEIVED
FEB 28 2008
GERALD A. HORNE
PIERCE COUNTY PROSECUTING ATTORNEY
APPELLATE DIVISION

APPELLANT moves for permission to file a notice of appeal in the above-referenced matter after the deadline set forth in RAP 5.2. Following consideration, the court denies the motion. Accordingly, it is

**SO ORDERED.**

DATED this 27th day of February, 2008.

**PANEL:** Jj. Houghton, Bridgewater, Hunt

**FOR THE COURT:**

_____
CHIEF JUDGE

Dean Royer
DOC #913359
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA, 99362

Kathleen Proctor
Pierce County Prosecuting Atty Ofc
930 Tacoma Ave S Rm 946
Tacoma, WA, 98402-2171

14

# EXHIBIT 3

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 81367-1 |
| Respondent, | ) ) | **ORDER** |
| v. | ) ) | C/A NO. 37318-1-II |
| DEAN ALAN ROYER, | ) ) | |
| Petitioner. | ) ) ) | |

    Department II of the Court, composed of Chief Justice Alexander and Justices Madsen, Chambers, Fairhurst and Stephens, considered this matter at its July 8, 2008, Motion Calendar and unanimously agreed that the following order be entered.

    IT IS ORDERED:

    That the Petitioner's Motion for Discretionary Review is denied.

    DATED at Olympia, Washington this 9th day of July, 2008.

    For the Court

_____
CHIEF JUSTICE

# EXHIBIT 4

## DECLARATION OF DEAN ALAN ROYER:

I, Dean Alan Royer, declare that the following is true and correct.

1. I am the petitioner and competent to testify herein.

2. At no time during proceedings in my 1990 plea of guilty have the state disputed the fact that I was not advised of my right to appeal, right to counsel on appeal, nor advised of any deadlines for filing an appeal or notice of appeal.

3. I was never advised of my appeal rights pursuant to CrR 7.2(b) prior, during, nor following my 1990 plea of guilty to Robbery 2°. If I had been, I would have appealed because I did not know the elements of the crime to which I was pleading guilty to did not support the crime of Robbery 2°.

I swear under the penalty of perjury that the foregoing is true and correct.

Dated this 10th day of OCTOBER, 2008.

Dean Alan Royer #913369
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA. 99362.

18

EXHIBIT—4

—ORIGINAL—